Federal District Court

Stanley Webb

(Plaintiff)

Vs.

Unites States Veterans Initiative (U S Vets)

(Defendant)

Civil Lawsuit

Case: 1:18-cv-02931
Assigned To : Unassigned
Assign. Date : 12/13/2018
Description: TRO/PI    (D-DECK)

Section 804(b) of Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Amendments Act of 1968

On June 13, 2017, The Department of Housing and Urban Development (HUD) accepted Mr. Webb's complaint of housing discrimination under the Housing Act (the Act) 42 U.S.C. 3601.et seq.)

Civil Lawsuit in Federal District Court (42 U.S.C.3613 (1(2) (3b (1, 2(c1 (e)

(Reference: attached Acceptance Letter from (HUD) exhibit #1

Sex (male)

*Discriminatory terms, conditions, privileges, services and facilities

Regulations are at Title 24 Parts 91 and 578 Continuum of Care Program (COC), 24 CFR 582

The Continuum of Care (CoC) program is authorized by the McKinney-Vento Homeless Assistance Act (McKinney-Vento), as amended by the Homeless Emergency Assistance and Rapid Transition to Housing Act of 2009, which is Division B of Public Law 111-22, approved May 20, 2009 (HEARTH Act)

**Discrimination**

1) Plaintiff alleges U S Vets deliberately and intentionally attempts to circumvent housing laws and programs regulations by executing a lease agreement with Mr. Webb for exclusive rights to his own apartment under (DHS) the Department of Human Services, knowing that they already have two other males living in the apartment with leases and knowing that both male tenants are under DHS for the SPC program that strictly is limited to dual occupancy shared living accommodations as well as eligible candidates could have their own one bedroom apartment but then placing Mr. Webb in a federally funded program called (SHP).   (This constitutes Mismanagement of Funds by using federal funds under HUD and/or Embezzlement)

2) U S Vets had intentionally deceived the (VA) the Department of Veteran Affairs requesting a referral from the VA and Mr. Webb claiming they had a one bedroom apartment available and had intentionally put Mr. Webb in a program which they knew would prevent him from having his own apartment. The rental agreement was used to convince Mr. Webb that he was indeed getting his own apartment, he was given a copy of his new lease and keys, and U S Vets also gave Mr. Webb directions to his new apartment since he was never provided an opportunity to view or inspect where he would be renting. Then stopped Mr. Webb stating that some other intake documents needed to be signed and they turned out to be the (SHP) program which Mr. Webb was never permitted to read and it was never explained.

3) HUD establishes that in order for a program to be applicable to an individual, there must be a current and valid rental agreement that corresponds to that particular program and the housing provider must be in compliance with all regulations and requirements of that program. Additionally, because Mr. Webb's rental agreement identifies DHS as the legal authority for the District of Columbia and TCP is the contractor awarded funds by DHS and U S Vets are subcontractor for the SPC program, U S Vets deliberately and intentionally are using HUD federal government funds for this District of Columbia housing by putting Mr. Webb in the SHP program. (Reference: 24 C.F.R. 578.77)

4) HUD identifies that after a person's income eligibility has been verified, a person can be in any program, see regulations at ……………..) U S Vets apologizes stating that they

thought they had a one bedroom apartment available and that they are giving Mr. Webb an exemption and they don't want to report his income until he has been moved to his one bedroom apartment but in the event that Mr. Webb gets a job, they need for him to report that income and pay 30% for the room they have placed him in, Mr. Webb has numerous rent receipts showing payment of rent which was 30% of his income from part time jobs he worked as instructed by U S Vets threats in order to remain in Permanent Supportive Housing and despite his objections since his rental agreement identifies rent is zero and Mr. Webb does not owe any money at all for rent,

5) Plaintiff alleges that U S Vets intentionally discriminated against plaintiff based on sex when the defendant offered a one bedroom apartment to female (YG) and authorized her to execute a lease directly with property management and denied plaintiff the same privileges, services at facilities located at 425 Atlantic St. SE

6) Plaintiff alleges that U S Vets asked him to wait until a one bedroom apartment comes available and then gives a one bedroom apartment to female just a few months later while plaintiff has been waiting which establishes there was in fact a one bedroom apartment available and U S Vets had intentionally denied plaintiff

7) Plaintiff alleges that U S Vets assessed, evaluated and determined that the females eligibility was limited to an (SRO) or at most an efficiency and stated that "female was given preferential treatment because she is a female" and that Mr. Webb would need to continue to wait for another one bedroom to come available for facilities located at 425 Atlantic St SE (Reference: exhibit #2)

8) Plaintiff alleges that approximately January 2016, U S Vets decided not to renew their lease for all apartments for property located at 425 Atlantic St SE and/or subsidy without informing tenants

9) Plaintiff alleges that approximately November 2016, a flyer was circulated informing tenants "that all men" would be moved to the Washington View apartments

10) Plaintiff alleges that as of December 2016, eight men refused and quit permanent supportive housing with U S Vets and four agreed to move to the Washington View apartments

11) Plaintiff alleges that as of January 2017, the female and plaintiff were the only tenants at the facilities located at 425 Atlantic St and plaintiff asked U S Vets if the female would also be moved to the Washington View apartments for shared living in which defendant states "only the men will be moved there but the female will be moving

someplace else". No male tenants from the Atlantic St facility were offered to have their own one bedroom apartment

12) Plaintiff alleges that on January 20th 2017, U S Vets evicted Mr. Webb from apartment #302 at 425 Atlantic St SE once again while he is not at home and after removing his belongings, intentionally took them to the Washington View apartments #203 at 2613 Douglass Pl SE and texted Mr. Webb to inform him not to return to the Atlantic St property because the locks had been changed and his belongings had been removed. There were personal items missing and Mr. Webb was emotionally distressed and frustrated about these actions and decisions by U S Vets

13) Plaintiff alleges that the (SHP) program is not and never has been applicable to plaintiff based on non-compliance by the housing provider as identified by HUD and that plaintiff's entitlement is only for the (SPC) under DHS as per his original rental agreement which provides privileges, services, and the ability to search for his own one bedroom apartment just as has been permitted for the female tenant.

14) (U S Vets appears to be impersonating property management by executing a rental agreement for an apartment #301 and therefore would be subject to landlord and tenant laws) (Reference exhibit #3)

15) Plaintiff alleges that after forcing Mr. Webb into apartment #203 at 2613 Douglass Pl. SE, U S Vets creates a completely different lease in order to try to be in compliance with HUD program (SHP) and alters the lease so that it looks like Mr. Webb has agreed to the terms and conditions (Dates are February 1, 2017 and January 20, 2017)

16) The fact that apartment #301 at 425 Atlantic St is a three bedroom apartment which was executed and authorized by U S Vets constitutes a breach of contract and since Mr. Webb had no other valid lease with U S Vets for his entire time of Permanent Supportive Housing, U S Vets is liable.

17) The government has taken the SPC program from U S Vets effective sometime in 2017 as it is designed to provide veterans with independent living in their own apartments unless there is an increase in clients being served based on funds allotted, and awarded that program to another organization. All tenants under the SPC program have been transferred to the new organization.

*HUD defines a "transfer" as when a client is moved from one organization to another organization for the same services received

Jurisdiction:

The Federal District Court in the District of Columbia has jurisdiction in this matter regarding civil lawsuit under Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Amendments Act of 1968

42 U.S.C. 3613

**Personal Jurisdiction:** court to hear and determine a lawsuit involving a defendant doing business with the place where the court is located

**First claim for Relief:** award of damages in an amount to be determined at trial

**Breach of Contract has many layers including Specific Performance under Remedies in Equity and/or Punitive damages and also Compensatory damages are applicable 42 U.S.C. 3604(a)(b)(d)**

**Second claim for Relief:** award of damages in an amount to be determined at trial

**42 U.S.C. 3613 (c (1)**

**Compensatory Damages –** based on Mr. Webb's entitlement to Permanent Supportive Housing (not just about the past or present, but most importantly regarding the future moving forward) award of damages in an amount to be determined at trial

**Overpayment of more than $7,000 dollars of monies paid 30% from jobs worked despite having zero identified as rent**

**Third Claim for Relief:** award of damages in an amount to be determined at trial

**42 Chapter 45 Subchapter I (3617. Interference, Coercion, or Intimidation)**

**Any right granted or predicted by section 3603, 3604, 3605, or 3606 of this title**

**Plaintiff prays for relief**

**Stanley Webb (Plaintiff)**

**1516 Hamilton St. NW**

**Washington, DC 20011**

Stan_salutes@yahoo.com   (202) 600-1118

Signature _____  Date: 12/13/18