**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

STANLEY WEBB,                          :
                                       :
            Plaintiff,                 :
    v.                                 :           Civil Action No. 18-2931 (CKK)
                                       :
UNITED STATES                          :
VETERANS INITIATIVE *et al.*,          :
                                       :
            Defendants.                :

## MEMORANDUM OPINION

In this housing discrimination action on remand from the D.C. Circuit, Defendant United

States Veterans Initiative ("U.S. VETS") has moved to dismiss under Rules 8(a), 9(b), and

12(b)(6) of the Federal Rules of Civil Procedure, and Defendant Community Partnership for the

Prevention of Homelessness ("Community Partnership") has moved to dismiss under Rules

12(b)(5) and 12(b)(6).  Also pending is plaintiff's contested motion for leave to amend the

complaint for a second time.  For the following reasons, the Court will deny all three motions.

## I.  BACKGROUND

As recounted by the D.C. Circuit:

> In 2010, Stanley Webb, a disabled veteran, was referred to U.S. Vets
> for housing assistance. At the time of the referral, U.S. Vets
> administered two housing programs: the Supportive Housing
> Program, which allowed participants to live with a roommate in
> multiple-occupancy units, and Shelter Plus Care, which allowed
> chronically homeless veterans with disabilities to live in one-
> bedroom units without roommates or two-bedroom units with a
> roommate. Webb alleges that he qualified for a one-bedroom unit
> through Shelter Plus Care. When he arrived, however, U.S. Vets
> allegedly told him that because no one-bedroom unit was available,
> it needed to place him temporarily in a multiple-occupancy unit
> through its Supportive Housing Program.

> A few months after Webb moved in, U.S. Vets placed a female applicant in its Shelter Plus Care program even though she had indicated on her application that she was not chronically homeless. Webb alleges that U.S. Vets told him that she was "given preferential treatment because she is a female."
>
> Webb filed a complaint with the Department of Housing and Urban Development (HUD), claiming that U.S. Vets discriminated against him because of his sex in violation of the Fair Housing Act. HUD referred the complaint to the D.C. Office of Human Rights, which in turn found no probable cause to believe that U.S. Vets had discriminated against Webb.

*Webb v. United States Veterans Initiative*, 993 F.3d 970, 971 (D.C. Cir. 2021) (internal record citations omitted).

In the above-referenced Housing Discrimination Complaint signed and dated June 13, 2017, plaintiff alleged that "because of his sex," he was "subjected . . . to discriminatory terms and conditions of rental" "most recent[ly]" on February 1, 2017, and "continuing [Dkt. # 34-1 at 13-14]. Specifically, plaintiff alleged that U.S. VETS (1) offered one-bedroom apartments to female tenants without requiring a showing of special need but did "not offer one-bedroom apartments to male tenants unless there [was] a special need such as a disability"; (2) "double[d] up and triple[d] up male tenants in two or three bedroom apartments"; (3) "transferred all the male tenants to a crime infested neighborhood" in February 2017; and (4) "transferred a female tenant to a low crime neighborhood" in January 2017. *Id*. at 13.

In separate letters dated June 14, 2017, HUD notified plaintiff that it had accepted his housing discrimination complaint and notified U.S. VETS that it was a named respondent in said complaint. Compl. Ex. 1 [Dkt. # 1-1] ("Acceptance Letter"); Def.'s Ex. A [Dkt. # 34-1 at 2]. Each letter informed the respective recipient that the complaint assigned "HUD Case No. 03-17-6780-8" was referred to the D.C. Office of Human Rights ("OHR") for investigation. On June 15, 2017, OHR received plaintiff's "timely charge of discrimination." Not. of Charge of

2

Discrimination and Mandatory Mediation [Dkt. # 34-1 at 7].  On February 12, 2018, OHR issued a 16-page Letter of Determination, finding no probable cause to believe from the foregoing allegations that defendant had discriminated against plaintiff based on his gender [Dkt. # 34-2 at 2-17].

Ten months later, on December 13, 2018, plaintiff filed this lawsuit, alleging that U.S. VETS "discriminated against him because of his sex when it refused to offer him a one-bedroom apartment while offering one to a less-qualified female applicant."  *Webb*, 993 F.3d at 971; *see also Webb v. United States Veterans Initiative*, No. 18-cv-2931, 2019 WL 6877835, at *2 (D.D.C. Dec. 17, 2019) (detailing plaintiff's allegations and claims).  The complaint prominently referenced HUD's Acceptance Letter.  This Court found that because plaintiff was not a renter as defined by the FHA, he lacked constitutional standing to sue under the Act, and it declined to exercise supplemental jurisdiction over plaintiff's non-federal claims.  *Webb*, 2019 WL 6877835, at **1, 5-6.  In addition, the Court noted that plaintiff had alleged no facts of wrongdoing involving Community Partnership and dismissed the complaint against that absent defendant without prejudice.  *Id*. at *1, n.2 (citing 28 U.S.C. § 1915(e)(2)(B)(ii)).

On April 16, 2021, the D.C. Circuit reversed this Court's judgment, concluding that plaintiff's alleged injury "qualifies [him] as an aggrieved person who may bring suit under the Act, whether he paid rent or not."  *Webb*, 993 F.3d at 972.  It left undisturbed the dismissal of the complaint against Community Partnership.  In remanding the case, the Circuit Court "express[ed] no view on the merits of Webb's Fair Housing Act claim or any claims over which the district court declined to exercise jurisdiction."  *Id.* at 974.

## II.  LEGAL STANDARD

A party may move under Rule 12(b)(6) to dismiss a complaint on the grounds that it

"fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "[A]

complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual

enhancement.' "  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 557 (2007)).  Rather, a complaint must contain sufficient factual

allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*,

550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678.

In ruling on a motion to dismiss for failure to state a claim, the Court accepts as true the

well-pleaded allegations in the operative complaint, but "not . . . the plaintiff's legal conclusions

or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in*

*U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014).  The Court may consider not only "the facts alleged in

the complaint" but also "documents attached to the complaint as exhibits or incorporated by

reference in the complaint, and matters about which the Court may take judicial notice."

*Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citing *EEOC v. St. Francis*

*Xavier Parochial Sch.*, 117 F.3d 621, 624-25 (D.C. Cir. 1997)).  *Pro se* pleadings are held to

"less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S.

89, 94 (2007) (per curiam), but still they must satisfy the minimal requirement of alleging

sufficient "factual matter" to permit a court "to infer more than the mere possibility of

misconduct[.]"  *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 150 (D.C. Cir. 2015)

(quoting *Atherton v. District of Columbia Off. of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (internal quotation marks omitted)).

### III. ANALYSIS

**1. U.S. VETS' Motion to Dismiss**

U.S. VETS argues that the alleged discriminatory conduct giving rise to this case occurred in October 2010, thereby rendering the federal claim filed in 2018 untimely. *See* Mem. at 8-10 (quoting original and amended complaints). Defendant Community Partnership "adopts" this argument for dismissal. Mem. [Dkt. # 46-1 at 8]. The Court disagrees.

It is well established that "[b]ecause statute of limitations issues often depend on contested questions of fact, dismissal is appropriate only if the complaint on its face is conclusively time-barred." *Bregman v. Perles*, 747 F.3d 873, 875 (D.C. Cir. 2014) (citations omitted)). "Put another way, a defendant is entitled to succeed on a Rule 12(b)(6) motion to dismiss brought on statutes of limitations grounds only if the facts that give rise to this affirmative defense are clear on the face of the plaintiff's complaint." *Lattisaw v. District of Columbia*, 118 F. Supp. 3d 142, 153 (D.D.C. 2015) (citing *Smith–Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998)).

The facts relevant to the timing of this action are far from clear. Under the FHA,

> (1)(A) An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this subchapter, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach.
>
> (B) The computation of such 2-year period shall not include any time during which an administrative proceeding under this subchapter was pending with respect to a complaint or charge under this subchapter based upon such discriminatory housing practice.

> This subparagraph does not apply to actions arising from a breach
> of a conciliation agreement.

42 U.S.C. § 3613. U.S. VETS insists that this action "is inextricably tethered to one event,"

Mem. at 10, namely

> one discrete act that is alleged to be unlawful and discriminatory:
> U.S.VETS's failure in 2010 and early 2011 to place Webb in the
> Shelter Plus Program, while affording a supposedly less qualified
> female the opportunity to enroll in that program, thus enabling her
> (but not him) to reside in a single occupancy unit.

Reply [Dkt. # 37 at 4-5]. Under this scenario, the claim is unquestionably late by eight years

since nothing in the record suggests either plaintiff's pursuit of an administrative remedy for that

specific occurrence or a breached conciliation agreement.

Plaintiff counters that his claim is not time-barred "because this has been an ongoing and

continuous action by the defendant," and the instant complaint is based "on the last and most

recent occurrence dated February 1st 2017, in which the defendant themselves acknowledge

OHR, HUD, and letters addressed directly to legal counsel of discrimination complaint." Opp'n

[Dkt. # 36 at 1-2]. Plaintiff's version is more in line with the record. *See Webb*, 993 F.3d at 973

("Although Webb's amended complaint did not restate the factual allegations from the original

complaint, the amended complaint refers to his '[HUD] . . . complaint of housing

discrimination,' which laid out the allegations underlying his sex discrimination claim."); *id.* at

971 (citing Letter of Determination, D.C. Office of Human Rights 2 (Feb. 12, 2018); *Webb*,

2019 WL 6877835, at *2 (quoting portions of OHR's no probable cause determination

"[f]ollowing an investigation and an exhaustive analysis"). And at this motion-to-dismiss stage,

the Court "must grant plaintiff the benefit of all inferences that can be derived from the facts

alleged." *Sparrow v. United Air Lines, Inc*., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal

quotation marks and citation omitted).

It is without question that OHR's decision is integral to the timing of plaintiff's claims. Recall that on June 15, 2017, OHR received plaintiff's "timely" gender discrimination claims arising from the "most recent" conduct that allegedly began on February 1, 2017, and it issued a final determination on February 12, 2018.  Before OHR's involvement, the FHA's two-year statute of limitations, equating to 730 days, had run for 133 days or four months (February 1, 2017 to June 14, 2017).  During the administrative proceeding, the limitations period was tolled for 242 days or seven months (June 15, 2017 to February 12, 2018).  Once OHR issued its decision, plaintiff had 597 days (roughly nineteen months) remaining, or until October 2, 2019, to file his FHA claim.  The filing of this lawsuit on December 13, 2018, was well within the applicable statute of limitations, and defendant has asserted no other plausible ground for dismissal.[1]  Therefore, the motion to dismiss the FHA claim will be denied.

### 2.  The Community Partnership's Motion to Dismiss

In addition to adopting U.S. VETS's argument for dismissal under Rule 12(b)(6), Community Partnership seeks dismissal under Rule 12(b)(5) for insufficient service of process. *See* Mem. [Dkt. # 46-1 at 5-7].  Indeed, there is no record of a summons being issued to this defendant.  But in *in forma pauperis* (IFP) proceedings such as this, the plaintiff relies on the court officers to prepare and issue the summons and to properly serve the defendant with process based on information supplied in the complaint.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).  Therefore, the Court may not penalize plaintiff for the defective service without first giving him the opportunity to correct any information that may impede the court officers from performing their duties if such is the problem.  *Gonzalez v. Holder*, 763 F. Supp. 2d 145, 148-49

---

[1]   In addition to Rule 12(b)(6), U.S. VETS invokes Rule 8(a) ("General Rules of Pleading") and Rule 9(b) ("Pleading Special Matters").  Mot. to Dismiss at 1.  It does not argue that the FHA claim is insufficiently pled, nor could it credibly do so, and Rule 9(b) applies to common law claims of fraud or mistake.

(D.D.C. 2011).  On the other hand, the Court cannot exercise personal jurisdiction over Community Partnership without its consent or an executed waiver of service under Federal Rule 4(d).  *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  So, the Court will deny Community Partnership's motion to dismiss without prejudice and direct service of process.

### 3.  Plaintiff's Motion to Amend

Finally, the proposed second amended complaint [Dkt. # 38-1], to the extent intelligible, presents a claim under the D.C. Consumer Protection Procedures Act and common law claims of fraud and breach of contract.  As before, the Court declines pursuant to 28 U.S.C. § 1367(c)(3) to exercise supplemental jurisdiction over the non-federal claims, and the proposed pleading adds nothing new to the surviving federal claim.  Therefore, plaintiff's motion to file a second amended complaint will be denied as futile.  *See Pietsch v. McKissack*, 677 F. Supp. 2d 325, 328 (D.D.C. 2010) ("An amended complaint is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory or could not withstand a motion to dismiss.").

## IV.  CONCLUSION

For the foregoing reasons, each defendant's motion to dismiss is denied as is plaintiff's motion to amend the complaint.  A separate order accompanies this Memorandum Opinion.


_____s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE:  October 29, 2021

8